IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DOMINIQUE E. HALL, <br> TDCJ-CID No. 02006760, <br><br> Plaintiff, <br><br> v. <br><br> WICHITA FALLS POLICE DEPT., *et al.*, <br><br> Defendants. | § § § § § § § § § § § | 2:17-CV-87-Z |

**MEMORANDUM OPINION**
**DISMISSING CIVIL RIGHTS COMPLAINT**

*Pro se* Plaintiff Dominique E. Hall ("Plaintiff") is a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. On May 5, 2017, Plaintiff filed a complaint (ECF No. 3) against Defendants Wichita Falls Police Department, Wichita County District Attorney's Office, and Kyle Lessor (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's complaint is DISMISSED.

**I. JUDICIAL REVIEW**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A and 1915(e)(2). The same standards support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## II. PLAINTIFF'S CLAIMS

By his complaint, Plaintiff alleges that he was wrongfully arrested by Defendant Wichita Falls Police Department in 2013. Further, Plaintiff brings claims for malicious prosecution against Defendant Wichita Falls District Attorney's Office and its lead prosecutor, Defendant Kyle Lessor. Plaintiff is currently incarcerated in the TDCJ on conviction of the charges challenged by the complaint.

## III. ANALYSIS

The forum state of this Court is the State of Texas. The Fifth Circuit has held that the statute of limitations applicable to claims brought under 42 U.S.C. § 1983 depends on the forum state:

> Section 1983 does not prescribe a statute of limitations. Instead, the statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. Texas has a two year statute of limitations for personal injury claims. Under our law, the limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action. The plaintiff must know of the injury and the causal connection between the defendant and the injury.

*Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (internal marks omitted).

Plaintiff brought this lawsuit on May 5, 2017—well over two years after his arrest by

---

[2] *See also Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

Defendant Wichita Falls Police Department in 2013. Thus, his claims against Defendant Wichita Falls Police Department are barred by the statute of limitations applicable to claims brought under 42 U.S.C. § 1983. *See Evans v. Fed. Bureau of Prisons*, No. 3:18-CV-1104-C-BN, 2018 WL 2745260, at *1 (N.D. Tex. May 1, 2018) (Horan, M.J.), *report and recommendation adopted*, No. 3:18-CV-1104-C-BN, 2018 WL 2744902 (N.D. Tex. June 7, 2018) (Cummings, J.) ("If it is clear from the face of a complaint that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed as frivolous." (internal quotation marks omitted) (citing *Wilson v. U.S. Penitentiary Leavenworth*, 450 Fed. Appx. 397, 399 (5th Cir. 2011) (per curiam))). Courts "may raise the defense of limitations *sua sponte*," and "where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed under 28 U.S.C. § 1915(e)(2)(B)." *See Meriwether v. ABC Training/Safety Council Tex. Gulf Coast Chapter*, No. 3:15-CV-862-N-BH, 2016 WL 8711726, at *2 (N.D. Tex. Oct. 24, 2016) (Ramirez, M.J.) (citations and brackets omitted), *recommendation accepted*, 2016 WL 871279 (N.D. Tex. Nov. 18, 2016) (Godbey, J.). Thus, Plaintiff's claims against Defendant Wichita Falls Police Department are DISMISSED as frivolous.

Additionally, claims for malicious prosecution are barred unless such conviction is overturned on habeas review. The Fifth Circuit has noted seven elements in a malicious prosecution claim:

> (1) criminal action was commenced against the plaintiff;
> (2) the prosecution was caused by the defendant or with his aid;
> (3) the action terminated in plaintiff's favor;
> (4) the plaintiff was innocent;
> (5) the defendant acted without probable cause;
> (6) the defendant acted with malice; and
> (7) the criminal proceeding damaged the plaintiff.

*Pete v. Metcalfe*, 8 F.3d 214, 219 (5th Cir.1993). Furthermore, the Supreme Court has held that a plaintiff cannot maintain a cognizable claim challenging his conviction unless the plaintiff proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477 (1994). Such a requirement is consistent with the judiciary's efforts to promote the "finality and consistency" of decisions in the face of opportunities for collateral attack. *Id.*

Here, Plaintiff remains convicted of the offense that he challenges. Because Plaintiff's conviction has not been overturned, he has no cognizable claim for malicious prosecution under 42 U.S.C. § 1983. Consequently, Plaintiff's claim for malicious prosecution is DISMISSED with prejudice. Further, to any extent that Plaintiff brings claims of procedural or substantive errors committed by Defendant Kyle Lessor, prosecutors have immunity from a civil rights suit for damages. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009).

### IV. ORDER

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), as well as 42 U.S.C. § 1997e(a), it is ORDERED that Plaintiff's complaint (ECF No. 3) filed pursuant to 42 U.S.C. § 1983 is DISMISSED with prejudice as frivolous.

**SO ORDERED.**

May 28, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE